PANAMA REFINING COMPANY V. LEO CROUCH.

No. 7210. Decided February 15, 1939.
Rehearing overruled March 29, 1939.
(124 S. W., 2d Series, 989.)

*Lee, Porter & Latham,* of Longview, *F. W. Fischer,* of Tyler, *Thompson, Knight, Baker & Harris,* and *Pickney Grissom,* all of Dallas, for plaintiff in error.

Since the plaintiff alleged that the tortuous acts complained of were committed by agents and servants of the defendant, a corporation, and the evidence shows that no such corporation was in existence at that time, and since plaintiff has wholly failed to sustain the burden upon him of proving the material allegations of his petition to the effect that his injuries were directly and proximately caused by the negligence of the defendant, he is not entitled to a judgment against defendant, a corporation. Martin v. Culpepper Supply Co., 88 W. Va. 471, 107 S. E. 183; Middlebrook v. Zapp, 73 Texas 29, 10 S. W. 732; 33 Tex. Jur. 480-1.

*Jones & Jones,* of Marshall, for defendant in error.

Plaintiff having alleged that defendant was a corporation a mere general denial and plea of confession and avoidance did not put in issue the question of whether or not defendant was so incorporated and acted as a corporation at the time alleged in plaintiff's petition, since the statutes and common law procedure both require that a defense to the effect that the defendant was not acting in the capacity in which he was sued must be specially pleaded. Willis & Bro. v. Smith, 43

S. W. 325; Gill v. First Natl. Bank, 47 S. W. 751; Clifton v. Lilly, 12 Texas 134.

MR. JUSTICE SHARP delivered the opinion of the Court.

This case involves the construction of Articles 1999 and 2010 of the Revised Civil Statute of Texas. Since such articles of the statutes, with respect to the precise question before us, have never been construed by this Court, a writ of error was granted to review the opinion of the Court of Civil Appeals. 98 S. W. (2d) 271.

Leo Crouch filed suit against the Panama Refining Company, a corporation, and M. Ulmer, alleging that he sustained injuries on March 30, 1933, caused by the negligence of the defendants, while he was performing certain work as an employee of the defendants.

By his original petition, plaintiff sued the Panama Refining Company, describing it as a corporation, joint stock company, association, or a partnership composed of A. F. Anding and Tom Potter. Anding and Potter, as well as M. Ulmer, were sued individually. By its original answer, filed July 3, 1934, Panama Refining Company answered, styling itself a corporation. Both the original petition and the answer were abandoned prior to the trial. By amended petition plaintiff sued the Panama Refining Company, describing it as a corporation, and also sued M. Ulmer individually. To this petition the Panama Refining Company filed a general demurrer and general denial. Among other defenses was one that the work was being performed by M. Ulmer, an independent contractor; and if plaintiff received injuries, as alleged by him, it was while working for Ulmer as such independent contractor, and not for the Panama Refining Company.

The Panama Refining Company did not file a sworn denial of the fact that it was duly incorporated, as alleged by plaintiff, or show by its pleadings that such company was acting as a partnership at the time of plaintiff's injuries.

The case was submitted to a jury on special issues, and by virtue of the findings of the jury a judgment was entered in favor of plaintiff against the defendants. The Panama Refining Company appealed to the Court of Civil Appeals. The Court of Civil Appeals in its opinion made the following statement with reference to the testimony: "W. W. Sanders testified in substance that he was bookeeper for Panama Refining Company in March and April, 1933; that the business changed to a corporation in the early part of May, 1933; that

the charter was issued earlier than that, but that it did not go into a corporation until later; and that it was being operated as a partnership in March, 1933."

Plaintiff in error contends, in substance: (1) That the trial court should have instructed a verdict in its favor; and (2), that the burden was on the plaintiff to show that the Panama Refining Company was a corporation at the time he, the plaintiff, sustained his injuries, or that the company assumed liability for the acts of those committing the alleged tort.

Article 1999 reads as follows: "An allegation that a corporation was duly incorporated shall be taken as true, unless denied by the affidavit of the adverse party, his agent or attorney, whether such corporation is a public or private corporation and however created."

The pertinent part of Article 2010 reads: "An answer setting up any of the following matters, unless the truth of the pleadings appear of record, shall be verified by affidavit;

\* \* \* \* \* \* \*

"7. That the plaintiff or the defendant, alleged in the petition to be duly incorporated, is not duly incorporated as alleged."

In this instance the plaintiff alleged that he was working for the defendants at the time of his injuries. The testimony shows that he sustained his alleged injuries on March 30, 1933. The testimony further tends to show that the Panama Refining Company changed from a partnership to a corporation in May, 1933, but that the charter for such corporation was issued prior to that time.

In answer to the application for writ of error filed herein, plaintiff said: "We submit that it is a matter of public record that the charter of defendant was filed with the Secretary of State as No. 63309 *on the 18th day of March, 1933,* or almost two weeks prior to the date of plaintiff's injuries." (Italics ours.) We have already set out the substance of the pleadings on this question.

■ By the enactment of Article 1999 and 2010 the Legislature evidently intended that if an allegation were made that a certain concern was a corporation, duly incorporated, such allegation would be accepted as a fact, unless denied under oath by the adverse party. These articles abolished the requirement that the charter or act of incorporation of such a concern should be proved when such allegation had been made, unless denied under oath.

The facts in this case illustrate the purpose of the foregoing articles. Without regard to the date when the charter of incorporation was filed or obtained, the date of the alleged injuries sustained by plaintiff and the date when the Panama Refining Company changed from a partnership to a corporation were not far apart. The facts relating to such change were better known to the Panama Refining Company than to plaintiff.

When plaintiff made the allegation, as was done, that he sustained his injuries while working for the Panama Refining Company, which he alleged was a corporation, and having sought relief against such Panama Refining Company as a corporation, duly incorporated, and such company having failed to deny under oath that it was duly incorporated at the time plaintiff sustained his inuries, or at the time of the trial, plaintiff had a right to assume that the Panama Refining Company was a corporation at the time he sustained his injuries, and it was not necessary for him to make proof that he was injured while working for the partnership.

By virtue of the provisions of the articles above quoted, when the allegation was made by plaintiff that the Panama Refining Company was duly incorporated, this placed the burden on the Panama Refining Company to deny under oath that at the time of plaintiff's alleged injuries such company was not a corporation. Any other construction of these articles would practically nullify the very purpose for which they were enacted. Therefore, under the state of this record the burden did not rest upon plaintiff to allege and prove that the Panama Refining Company was a partnership at the time he sustained his injuries.

■ Complaint is made of the excessiveness of the verdict and judgment. The question of the excessiveness of the verdict or judgment is one of fact, as to which the decision of the Court of Civil Appeals is final; and this Court lacks jurisdiction to review same. Texas & N. O. Ry. Co. v. Neill et al., 128 Texas 580, 100 S. W. (2d) 348.

We have carefully considered the other assignments presented, and we think that the Court of Civil Appeals correctly disposed of the case. Therefore the judgment of the Court of Civil Appeals is affirmed.

Opinion delivered February 22, 1939.

Rehearing overruled March 29, 1939.