# LEO CROUCH ET AL V. PANAMA REFINING COMPANY ET AL.

No. 7650.  Decided March 27, 1940.
Motion to amend Judgment Dismissed April 17, 1940.
(138 S. W., 2d Series, 94.)

634

*Jones & Jones, J. E. Smith* and *C. A. Brain,* all of Marshall-Longview, for relators.

Untrue charges that relator conspired to defraud respondents by alleging and swearing that his injuries were total and permanent when he knew them to be only partial and temporary; by refusing to submit to a medical examination on the trial; by false statements made by his attorneys and other facts and circumstances, which, even if true, only set up mat-

ters of intrinsic fraud in the cause of action tried, as distinguished from extrinsic fraud, in procuring a judgment therein, and, even if such conspiracy did prevent respondents from defending the case, the negligent failure of respondents to complaint of the same on motion for new trial, when they had full knowledge of the supposed fraud practiced on them, makes improper the consideration of such proposed fraud in a later original attack on the judgment from without. Bearden v. Texas Company, 41 S. W. (2d) 447; Price v. Smith, 109 S. W. (2d) 1144; Elder v. Byrd-Frost, Inc., 110 S. W. (2d) 172.

*Lee & Porter* and *Edward A. Brown*, both of Longview, for respondents.

MR. JUSTICE SHARP delivered the opinion of the Court.

Relators have filed an application here for a writ of prohibition, enjoining Panama Refining Company, a corporation, A. F. Anding, Tom Potter, and Honorable Clarence E. McGaw, Judge of the 124th Judicial District Court of Texas, from further interfering with the enforcement of the judgment of this Court, entered on February 22, 1939, in Cause No. 7210, Panama Refining Company v. Leo Crouch, 132 Texas 608, 124 S. W. (2d) 988. This Court granted a temporary writ of prohibition, restraining respondents from proceeding further in the above-mentioned suit, pending a decision of this Court upon the merits of the application.

Leo Crouch filed the original suit in the District Court of Gregg County against the Panama Refining Company, A. F. Anding, Tom Potter, and M. Ulmer, for damages caused by their negligence while he was employed by them. Judgment was rendered in his favor on April 2, 1935, for $12,000.00, and the judgment of the trial court was affirmed by the Court of Civil Appeals. 98 S. W. (2d) 271. A writ of error was granted by this Court, and the judgments of the trial court and Court of Civil Appeals were affirmed. 132 Texas, 608, 124 S. W. (2d) 988. Reference is made to the opinions rendered by the Court of Civil Appeals and this Court for a full statement of the facts and issues involved in the case.

In pursuance of the mandate issued by the clerk of this Court, an execution was issued on April 12, 1939, commanding the enforcement of the judgment, and same was placed in the hands of the Sheriff of Gregg County for collection. On April 13, 1939, Panama Refining Company, A. F. Anding, and Tom Potter, respondents, filed as plaintiffs, in Cause No. 13,266-B,

in the 124th Judicial District Court of Gregg County, a petition to set aside the judgment entered in the trial court. On April 13, 1939, Honorable Clarence E. McGaw, District Judge, without notice to relators, and without a hearing, issued a temporary restraining order, restraining relators from enforcing said judgment. A hearing on said temporary restraining order was had by the district judge on May 3, 1939, and evidence was introduced by both sides at said hearing.

Respondents' complaint for setting aside the judgment of the trial court is based substantially on the following grounds: (1) That Crouch and his attorneys fraudulently conspired to recover excessive damages from the Panama Refining Company, for an injury known to them not to be total and permanent; (2) that Crouch received money from his attorneys, pending the outcome of the suit, in which he falsely alleged and swore that his injuries were total and fully incapacitated him, when in fact they were only partial and temporary; (3) that Crouch and his attorneys refused a request for the medical examination of Crouch; (4) that the attorneys for Crouch stated during the trial that Dr. Richardson, who had treated Crouch at the request of Ulmer, would be present to testify, and that a subpoena had been issued for him, when in fact none had been issued, and which deprived respondents of the opportunity of cross examining the doctor, who would have sworn that Crouch's disability was partial and temporary; and (5) that Crouch led respondents to believe he would not testify that his injuries were total and permanent, and that he would appear in court without a cane or brace at the trial.

On May 3, 1939, the court heard the application of plaintiffs for a temporary writ of injunction, and after overruling the general demurrer and special exceptions to plaintiffs' application, the trial court in the order said:

"And, thereupon, the Court did hear evidence on said petition and application for injunction and, after hearing said evidence, concluded that same was insufficient to show any conspiracy among the defendants, but the Court, being of the opinion that there was evidence tending to raise the issue of whether or not Leo Crouch did perjure himself on the original trial of this cause, concluded a temporary injunction should be granted on the application and petition of plaintiff."

■ A suit instituted for the purpose of setting a judgment aside and to retry the cause is an equitable proceeding, and the grounds on which such suit may be instituted are narrow and

restricted. To obtain a new trial after the expiration of the term, something more than injustice must be shown. For a full statement of the essential requirements that must appear before a judgment may be set aside, we cite: Harding v. W. L. Pearson & Co. et al, 48 S. W. (2d) 964, and cases cited therein; Humphrey v. Harrell, 29 S. W. (2d) 963; 25 Tex. Jur., p. 585, Sec. 185. Respondents' petition falls far short of meeting the requirements for a bill of review. The trial court concluded that the evidence was insufficient to show a conspiracy on the part of relators, but was of the opinion that the evidence was sufficient to raise the issue that Crouch perjured himself in the original cause, and for that reason granted the temporary injunction as prayed for in the petition. Thus it appears, from an analysis of the facts alleged, that the petition for injunction and for setting aside the judgment is narrowed to one ground, and that is whether Crouch swore falsely on the original trial. That this reason does not justify the setting aside of the original judgment and the issuance of a temporary injunction prohibiting its enforcement is now well settled. Besides, the affirmance of the judgment of the trial court made it the judgment of this Court.

■■ The rule is universally recognized that alleged perjury of a witness upon a trial of a contested issue, to which the opposing party had the opportunity to refute, will not furnish a basis for setting aside the judgment on bill of review. Yount-Lee Oil Co. v. Federal Crude Oil Co., 92 S. W. (2d) 493; United States v. Throckmorton, 98 U. S. 61, 68, 25 L. Ed. 93; Hilton v. Guyot, 159 U. S. 113, 16 S. Ct. 139, 40 L. Ed. 95; Houston, E. & W. T. Ry. Co. v. Chambers (Tex. Civ. App.) 284 S. W. 1063; Reed v. Bryant (Tex. Civ. App.) 291 S. W. 605; 15 R. C. L. 770; 34 C. J. 280; Freeman on Judgments (5th Ed.), Vol. 3, Sec. 1241. It is the policy of the law to give finality to judgments of the courts. To do otherwise would add much uncertainty and confusion. The reason for this rule is quite obvious. The Supreme Court of the United States, in the case of United States v. Throckmorton, supra, tersely stated the reason for the rule in the following language:

"That the mischief of retrying every case in which the judgment or decree rendered on false testimony, given by perjured witnesses, or on contracts or documents whose genuineness or validity was in issue, and which are afterwards ascertained to be forged or fraudulent, would be greater, by reason of the endless nature of the strife, than any compensation arising from doing justice in individual cases."

■ To permit the respondents, under the facts contained in this record, to prosecute the suit above mentioned would give them the privilege of relitigating issues previously decided by this Court, and upon which a final judgment has been entered. Furthermore, the prosecution of such suit would interfere with the enforcement of the judgment of this Court in Cause No. 7210 above described. It has been repeatedly held, under grounds similar to those alleged here, that such procedure will not be permitted. In the case of Rio Bravo Oil Co. et al. v. Hebert et al., 130 Texas 1, 106 S. W. (2d) 242, this Court said:

"As applied to a case where the issues are settled by judgment, the rule has been clearly stated in the case of Houston Oil Co. of Texas et al v. Village Mills Co. et al, 123 Texas 253, 71 S. W. (2d) 1087, 1089, in the following language: 'Where rights are established by a judgment of this court, the court has undoubted power to secure, by any proper writ necessary to the end, the enjoyment of the rights so established. Where a suit is brought in an inferior court, by any of the parties or privies to such judgment, against those in favor of whom the judgment was rendered, or their privies, and the suit directly involves the relitigation of rights established by the judgment, and is of such nature that, if successfully prosecuted, will result in a judgment which will purport the divesting of those rights, the prosecution of such suit will be prohibited as being an interference with the enforcement of the judgment of this court.' See, also, Yount-Lee Oil Co. v. Federal Crude Oil Co. (Tex. Civ. App.), 92 S. W. (2d) 493."

■■ The law authorizes courts after the expiration of terms to set aside certain final judgments. This power includes the right to set aside after adjournment, among others, void judgments (25 Tex. Jur., pp. 551 and 552, Sec. 156) and judgments obtained by fraud (25 Tex. Jur., p. 585, Sec. 185). Generally the mode for obtaining equitable relief from a judgment, after adjournment of the court for the term, is by a bill of review. When the question of fraud is urged as the ground of relief, the rule prevailing is stated in 25 Tex. Jur., p. 585, Sec. 185, in the following language:

"It has always been the law in Texas that where, through no fault of his own, a party has been prevented by fraud, accident or mistake from prosecuting his suit or making his defense, and an opportunity has not been afforded him for moving for a new trial during the term, he may after its close bring a suit in equity to reopen the case and dispose of the litigation

on its merits; the judgment entered may be set aside and such relief granted as is warranted by the pleading and proof on the entire case."

■ ■ Fraud is classified as intrinsic or extrinsic. Included in the term "intrinsic fraud" are false testimony, fraudulent instruments, and any fraudulent matter that was presented and considered in rendering judgment. Intrinsic fraud does not furnish a ground, in an independent suit brought for that purpose, for setting aside a judgment. Fraud must be extrinsic to justify the setting aside of a judgment, and must be collateral to the matter tried, and not something which was actually or potentially in issue in the trial; unless the presentation of such defense was prevented by fraud, accident, or act of the opposing party, without fault or negligence of the party against whom the judgment was rendered.

In the case of State et al. v. Wright et al., (Tex. Civ. App.) 56 S. W. (2d) 950, 952, Judge Baugh, in rendering the opinion of the court, used the following language:

"But the fraud which will authorize vacation by the court of its former judgment in such case must be what has been termed 'extrinsic fraud.' By that is meant fraud by the other party to the suit which has prevented the losing party either from knowing about his rights or defenses, or from having a fair opportunity of presenting them upon the trial. Such, for instance, as where he has been misled by his adversary by fraud or deception, did not know of the suit, or was betrayed by his attorney. In other words, fraud which denied him the opportunity to fully litigate upon the trial all the rights or defenses he was entitled to assert."

See, also, for a discussion of this question, Traders & General Ins. Co. v. Rhodabarger (Tex. Civ. App.) 109 S. W. (2d) 1119, and the cases discussed therein.

■ It clearly appears that the judgment assailed cannot be classified as a void judgment; nor can the judgment be set aside for the alleged fraud. This record shows that the case was tried before a jury, and respondents and their counsel were present, and had full opportunity to refute the testimony of the plaintiff in that cause, and present whatever defenses they had to plaintiff's cause of action, during the trial. Unquestionably the questions presented now could have been urged in the motion for new trial filed in the original cause in the trial court. The case was appealed, and the judgment became final, as above stated. The allegations made by respondents for relief against

the judgment do not meet the strict requirements of the law. The judgment has become final, and under the state of this record its enforcement should not be interfered with.

■ It clearly appearing that Cause No. 13266-B, above described, constitutes an attempt on the part of plaintiffs therein to relitigate the same issues which have already been litigated by the same parties, and which have been decided by this Court, and that such suit would interfere with the judgment of this Court in Cause No. 7210, Panama Refining Co. v. Leo Crouch, 132 Texas 608, 124 S. W. (2d) 988, it is therefore ordered that the respondents be, and they are hereby, prohibited and enjoined from further prosecuting such suit. This order, however, shall not prevent any court in which such cause is pending from entering an order dismissing said cause from its docket.

Opinion delivered March 27, 1940.

Motion to amend judgment dismissed April 17, 1940.