**KELLEY et ux. v. WRIGHT et al.**

No. 14654.

Court of Civil Appeals of Texas.
Fort Worth.

Nov. 17, 1944.

Rehearing Denied Jan. 5, 1945.

Crane & Crane, of Dallas, for appellants.

Simon & Zimmerman, of Fort Worth, for appellees.

SPEER, Justice.

This is an action in equity, presented in form of a bill of review. Kork Kelley and wife Alliene Kelley filed the action naming as defendants Ruth E. Wright, a feme sole, and H. F. Hawkins, Sheriff of Wichita County, Texas. Sheriff Hawkins was named a defendant for the purpose of securing an injunction against him selling the property in controversy under an order of sale previously issued.

The petition seeks a review of the judgment theretofore entered by the same court in cause No. 36927–B, styled Ruth E. Wright v. Kork Kelley and Alliene Kelley, in which the plaintiff in that suit recovered title to Lot 4, Block 17 of the Southland Addition to the City of Wichita Falls in Wichita County, Texas.

The trial court sustained several special exceptions to the petition in the instant suit, the effect of which was to bar a recovery; petitioners refused to amend, and the court decreed that the defendants go hence without day. Petitioners reserved exceptions to the action of the court and gave notice of and have perfected this appeal.

Under our procedure, appellants' petition is necessarily lengthy because rather complete review of all the facts involved in the suit sought to be reviewed as well also the judgment entered at the former trial, is required.

The judgment in the original cause No. 36927–B pleaded by appellants discloses that all parties appeared; the parties there were the same as those in this case except Sheriff Hawkins; that no jury being demanded, matters of fact as well as of law were submitted to the court, and that plaintiff (Ruth E. Wright) should recover the land then in controversy. (The same land involved in the instant suit.) Title was awarded to that plaintiff by the judgment entered June 15, 1943.

The petition in this case which seeks a review of the former judgment, among other things, alleged: That appellants acquired title to the property in 1924 and went into possession; a loan company held a lien against the property and foreclosed in 1932 and bought it in at public sale; loan company agreed not to dispossess plaintiffs for a short time, giving them an opportunity to refinance the loan and repurchase from the loan company; that at that time plaintiff Kork Kelley and H. E. Clark and Rees Allen were associated together in business and they readily agreed to refinance the loan purchase; appellants made arrangements to refinance the loan through said Clark and Allen; appellants and Clark went to the loan company to close the deal on October 18, 1933, and because Allen was not accessible, Clark advanced the full amount of money necessary and advised the loan company to withhold making the deed until later when he

would advise how it was to be made. However, without the knowledge or consent of either appellants or Clark, the loan company had on January 17, 1933 executed its deed of conveyance of the property to appellee Ruth E. Wright. That Clark carried on his books as a charge against appellants an item of $1245.50 as moneys owing by appellants until his death in November 1934 and that his administrators had since that time continued to carry same and had demanded payment thereof.

They further alleged that in 1938 appellee (Ruth E. Wright) claimed the land and filed suit against appellants to recover title; that after that suit had been dismissed by the court for want of prosecution, it was later reinstated upon appellee's petition for bill of review; that thereafter on June 15, 1943, judgment was entered against appellants and in favor of Ruth E. Wright for title and possession. That Ruth E. Wright (appellee here) never had any title to the property for the reason that while the deed from the loan company purported to pass title to her, none in fact passed except in trust for the use and benefit of appellants, for the reason the consideration therefor was the capital stock of the loan company purchased with money advanced by Clark to appellants.

Appellants also pleaded by reference to an attached certified copy of a resolution passed by the board of directors of the loan company that on January 17, 1933, in consideration of $4129.10 worth of the company's capital stock delivered by Allen & Clark, the president and secretary of the company should sell and convey the property and make deed therefor in the name of the company. (No reference is made in the resolution as to whom deed should be made.)

As an exhibit to, and made a part of appellants' petition by reference, the executors of the estate of H. E. Clark, deceased, had on November 20, 1934, sent to appellants a statement of purported indebtednesses owing by Kork Kelley to the estate. It contained six items covering the period between October 22, 1929, and January 24, 1934, all aggregating $2010.50; these items included one on October 18, 1932, for $1245.50 which appellants alleged was the money advanced by Clark to them with which to purchase the capital stock to be exchanged for the property in controversy.

There are further allegations in the petition to the effect that prior to the former trial in which judgment was entered for appellee in cause No. 36927–B, appellants had employed counsel to represent them at the trial and had delivered to him the data in their possession for use upon the trial evidencing the things herein complained of; but that their attorney was called into the army and turned the file over to another attorney to represent appellants at the trial; that the file became lost and could not be found prior to the trial and had never been found at the time of filing the Bill of Review; that after the trial but too late to present in a motion for new trial and prior to filing this action, they had found letters and documents which constituted newly discovered evidence, sufficient to prove their contentions of title to the property; that these discoveries were made by two or three all night vigilant searches and inspection of several boxes and a barrel of old papers in their possession and under their control. They allege they were not negligent in not sooner discovering said papers and documents.

Appellants also alleged that at the time of the trial in cause No. 36927–B, appellee and her counsel knew all the facts and circumstances which appellants expected to prove in defense of appellee's claim of title, and they deliberately concealed their knowledge thereof from the court for the fraudulent purpose of making it appear to the trial court that absolute title had vested in Ruth E. Wright by virtue of the deed from the loan company, contrary to the real facts as alleged by appellants in their petition.

Appellee (Ruth E. Wright) presented and urged a series of special exceptions to the sufficiency of the petition for review. The substance of these exceptions in the main go to the absence of any allegations in the petition showing any ground of equity which if true would entitle appellants to recover the land if tried again on its merits; that if appellants ever had a cause of action in said matter, it was shown by the petition to be barred by limitations and laches; that the reference made in the petition to a partnership between Allen and Clark and Kork Kelley and that no final accounting had ever been had between them was insufficient for indefiniteness because no allegations are made as to when such partnership or business association

began or ended, the nature thereof nor that if an accounting should be had that it would show the estate of Clark would be indebted to Kork Kelley and for the further reason said allegations do not disclose what property interests were involved in any such alleged partnership or business association. Further exceptions were made to that part of appellants' petition concerning a purported agreement had with Clark to the effect that he (Clark) would have the loan company convey the land to the Kelleys, because such promise was not shown to be in writing and was in violation of the Statute of Frauds.

As above indicated, the court sustained the exceptions resulting in a refusal to allow the bill of review and entered a judgment for Ruth E. Wright and Sheriff Hawkins.

Appellants bring forward six points assigning errors to the action of the trial court sustaining appellee's exceptions. They are discussed separately in the brief, but as we view the record as a whole, we think it proper to discuss them all in a general way. We have concluded that none present reversible error.

■ Appellants insist that appellee's first exception to the petition was no more than a general demurrer, and that since Rule 90 Texas Rules Civil Procedure eliminates such pleas, it is not available to appellee at this time. We do not construe the pleading to be a general demurrer, but as specially excepting to the whole of appellants' petition because it "fails to show any grounds for equitable relief, either in the main plea or the alternative plea." It occurs to us that if a pleading which seeks equitable relief fails to show any grounds therefor this is about as much as could be said about it in pointing out its defects. We would be unwilling to announce a rule requiring a defendant to enumerate each and all of the requisites of a suit in equity for a bill of review and then point out that the petition attacked did not contain them. Let that be as it may, further special exceptions meeting the requirements of Rule 91, Texas Rules of Civil Procedure were leveled at separate parts of the petition wherein an effort was made by appellants to assert equitable grounds for the relief sought.

■ It is proper to observe, at this time, some of the settled principles of law concerning such actions as the instant one. In 17 Tex.Jur. 28 sec. 26, the general rule is laid down to the effect that a complainant must show that he has suffered the adverse judgment as a result of fraud, accident or mistake, without fault or dereliction on his own part; and at page 31 sec. 28, it is said that: "The proper practice in such cases (Bills of Review) is to determine the entire controversy, both as to the excuse for such failure (to present complainant's defenses) and as to the alleged meritorious defense."

■ In Harding v. W. L. Pearson & Co., Tex.Com.App., 48 S.W.2d 964, 965, more specifically applicable to such cases as this, the settled rule was announced that the petition must show these requisites: "(1) That the former judgment was not caused by any negligence on him who seeks to set it aside, but that diligence was used to prevent it; (2) that he had a good defense to the action, which he was prevented from making by fraud, accident, or the acts of the opposing party, wholly unmixed with any fault or negligence of his own; (3) that there is good cause to believe that a different result will be obtained by a new trial; and (4) *the pleadings and issues of the former suit, and its result, must be set forth distinctly.*" (Emphasis ours).

We are not apprised by the petition in this case what defenses were urged by appellants at the time judgment was entered in cause No. 36927–B which they seek to set aside.

■ The petition in this case is skilfully drawn, but when we take the whole picture as presented, it is apparent to us that all facts and issues sought to be presented in this application and alleged to present a defense to appellee's original suit in trespass to try title (except the minutes of the loan company) existed and were in the possession and control of appellants at the time of that trial, and it is the now settled law that all issues that could have been presented and passed upon by the trial court at that time, will be deemed to have been adjudicated. Freeman v. McAninch, 87 Tex. 132, 27 S.W. 97, 47 Am.St.Rep. 79; Cleveland et al. v. Ward, 116 Tex. 1, 285 S.W. 1063; White v. Burch, Tex.Civ.App., 33 S.W.2d 512, writ refused; Mercer v. Rubey, Tex.Civ.App., 108 S.W.2d 677, writ refused; Metropolitan Life Ins. Co. v. Pribble, Tex.Civ.App., 130 S.W.2d 332, writ refused.

■ Neither appellants' petition, nor the judgment attached thereto and made

a part of the petition, discloses that appellants sought in any way a postponement of the trial when called because their attorneys had lost their evidence which, it is alleged, would show a defense to the original action. We may assume that if the matters now complained of had been seasonably presented to the trial court, appellants would have been granted a reasonable time in which to find the lost documents. They chose not to pursue this remedy, resulting in judgment against them which they now seek to review. They attempted to appeal from the judgment, but for failure to timely perfect their appeal, it was dismissed by this court in an unpublished opinion. If appellants had perfected their appeal and shown error it may be assumed they would have gotten relief; however, by their own acts they permitted the judgment to become final. Certainly their failure to pursue their remedy is not in any way attributable to appellee nor to her counsel. Their petition now under consideration asserts that they were prevented from presenting their defenses because their attorneys had lost or mislaid their documentary evidence; as above pointed out, apparently none of this was presented to the trial court. The rule in equity is that one will not be relieved of the effect of a judgment attributable to the negligence and defaults of his own attorneys. 15 R.C.L. 756, sec. 209; Reynolds v. Volunteer State Life Ins. Co., Tex.Civ.App., 80 S.W.2d 1087 (1094), writ refused; Tyler v. Henderson, Tex.Civ. App., 162 S.W.2d 170, writ refused, want of merit; Smith v. Ferrell, Tex.Com.App., 44 S.W.2d 962; Thomas et al. v. Mullins et al., Tex.Civ.App., 175 S.W.2d 276; Brannen v. City of Houston, Tex.Civ.App., 153 S.W.2d 676, writ refused.

■■■ Appellants made an effort to bring themselves within the rule that judgment was entered against them because of the fraud of appellee and her counsel; in this respect they assert that appellee and her counsel both knew that appellee had no title to the property acquired under the deed from the loan company and deliberately concealed that information from the court for the fraudulent purpose of procuring a finding of title in her as was done. Granting as we must in this case, that the allegation is true we think it does not disclose fraud as is contemplated by law. We think that if appellee and her counsel had known what appellants hoped to prove at the trial, and when they could not procure their testimony, either from documents or by witnesses, appellee and her counsel were under no legal obligation to assist appellants nor to reveal and admit, if they knew, what appellants had expected to prove. The conclusion in appellants' pleading that such acts constituted fraud does not make them such.

■■■ Another point presented by appellants is that they are entitled to the review of the old judgment on grounds of newly discovered evidence. As hereinabove indicated, the rule in such cases as this, laid down in Harding v. W. L. Pearson & Co., Tex.Com.App., 48 S.W.2d 964 by Commission of Appeals, expressly approved by the Supreme Court in Crouch v. McGaw, District Judge, 134 Tex. 633, 138 S.W.2d 94, requires that an applicant for bill of review shall, among other things, allege succinctly and clearly "the pleadings and issues of the former suit, and its result." [48 S.W.2d 965] Appellants did allege that Ruth E. Wright filed a suit in trespass to try title against appellants to recover the land in question and that judgment was rendered awarding to her the title. But the petition in this case does not allege the nature of the answer made by appellants in that suit. The pleaded judgment indicates that appellants appeared and joined issues at the trial. If their answer consisted of a plea of "not guilty" they were authorized by that answer to prove everything they now urge as a complete defense to appellee's right of recovery in that case. Allegations were made that appellants inquired of the loan company about entries made in its minutes concerning the transaction and were advised that the records had all been destroyed; that subsequent to the former trial, and too late to move for a new trial, they discovered that such record books had not been destroyed and attached as an exhibit to their petition the alleged newly discovered evidence which they contend entitles them to the review sought.

The substance of the minutes of the loan company relied upon by appellants is: That on September 2, 1932, the board of directors met and "approved the sale of the following described property, on the terms and conditions as set out below: Being lot 4, block 17, Southland Addition to the City of Wichita Falls, Texas; whereas, Allen & Clark have made an offer of $4,129.10 in stock of the North Texas Building and Loan Association (the owner) for the

above described property; and, whereas, said offer has been accepted by North Texas Building and Loan Association; now therefore, be it resolved that the sale of the above described property as set out above be approved and the President or any Vice President, attested by the Secretary or Assistant Secretary, is hereby authorized to execute any and all instruments necessary to convey the property herein described for the consideration and on the terms herein stipulated."

A liberal application of the rules of equity demands that the same principle involved by a motion seasonably filed for new trial on grounds of newly discovered evidence, at the term of court at which a judgment was rendered be applied to belated motions partaking of the nature of equitable bills of review.

 The recognized rule in the former class of motions seems to be that much discretion is given to the trial court in passing upon the issues and unless there appears an abuse of discretion his ruling will not be disturbed. 25 Tex.Jur. 590 sec. 188. In 31 Tex.Jur. 104, sec. 92, this is said: "If the (newly discovered) evidence is circumstantial it should be of a conclusive tendency, or at least ought very satisfactorily to establish the fact sought to be proved. * * *" Ibid, 106 sec. 94, it is said: "But the court should deny the motion if the evidence alleged therein is uncertain and inconclusive in character, of slight probative value, or probably untrue."

 19 American Jur. 298, sec. 433, lays down the wholesome rule which in effect is that the bill of review will lie on grounds of newly discovered evidence with certain limitations. These limitations are controlled by the nature of the newly discovered evidence—such as muniments of title and written documents but warns against purported parol testimony for obvious reasons; it is there declared that, to warrant the relief sought, the evidence must be such as will relieve a meritorious complainant from a clear miscarriage of justice, when viewed by the court when all the circumstances are considered, and when the remedy can be applied without mischief to the rights of innocent parties; "the remedy is not a matter of absolute right but of sound discretion. A bill of review is considered an extreme remedy for extreme cases which public policy and peace alike require to be administered with extreme care." That the newly discovered evidence

must be shown to be material to issues previously determined and of a character calculated to change the result of the suit previously tried. To the same effect is the rule announced in 34 C.J. 288, sec. 500.

In Crouch v. McGaw, 134 Tex. 633, 138 S. W.2d 94, it is held that the grounds upon which suit can be instituted to set aside judgment and to retry the cause are narrow and restricted; something more than injustice must be shown. The alleged perjury of the successful litigant in the original suit, discovered too late to be presented in motion for new trial affords no ground for the bill of review. That the general policy of the law is to give finality to judgments of the courts. The mischief of retrying every case based on false testimony or forged instruments would be greater by reason of the endless nature of the strife, than any compensation arising from doing justice in individual cases.

 Adverting to the newly discovered evidence consisting of the minutes of the loan company, we note that insofar as appellants' contentions are concerned, its language has very little, if any, probative value to support their theory of this case. It appears from the resolution that Allen & Clark had made an offer to purchase the property which was acceptable to the company and the officers were authorized to make a deed of conveyance. Appellants are not mentioned directly nor impliedly. The resolution bears date of September 2, 1932. Appellants' petition discloses that one of them in company with Clark went to the loan company on October 18, 1933, for the purpose of completing the repurchase of the real estate. They also alleged that the loan company had previously made a deed of conveyance to Ruth E. Wright to the property on January 17, 1933 and that said deed formed the basis of her suit against appellants for title in cause No. 36927–B wherein she recovered the property and which judgment they now seek to review; that in fact appellee acquired no title in virtue of that deed other than as trustee for appellants because the consideration consisted of a transfer of the capital stock purchased with money advanced to and for plaintiffs (appellants). There is nothing in the resolution pleaded, which tends to show how the consideration was paid by Ruth E. Wright at the time of her purchase in January 1933, nor that such consideration was paid by any person other than herself; nor that she

took the property in trust as a result of the manner in which the consideration was paid. If any implications should be indulged by the language used in the resolution it would be that Allen & Clark made good their offer of purchase recited to be September 2, 1932, and on January 17, 1933, delivered the stock and by some arrangement between them and appellee had conveyance made to her on that date. From this course of reasoning, if appellee took in trust for anybody it was Allen & Clark and not appellants. Moreover, it is obvious from the whole petition that appellants knew when appellee instituted her suit for title in 1938 and when they participated in the trial had in 1943 that appellee held the deed from the loan company; we repeat, just what appellants pleaded as a defense in that suit we do not know nor do we know what proof was made. So far as is disclosed by the record they knew, or were charged with knowledge of all the facts except the existence of the resolution passed by the board of directors of the loan company. We conclude that the resolution adds nothing of probative value to their contention over and above what was available to them at the trial. The newly discovered resolution certainly rises to a no higher degree than a circumstance in appellants' favor. It is not of a conclusive nature nor does it satisfactorily establish the facts sought to be proved, as expressed in 31 Tex.Jur. 590, sec. 188, supra. At most the evidence, insofar as it supports appellants' contention, is uncertain and inconclusive in character and of slight probative value. 31 Tex.Jur. 106 sec. 94.

What we have said is sufficient to indicate that we do not believe that a trust resulted in favor of appellants when appellee purchased the property insofar as appellants' petition discloses. Their simple declaration thereof is no more than a conclusion; no sufficient facts are alleged to support the assertion. Indeed, absent are all attempts to allege that they ever at any time obligated themselves to pay or otherwise become responsible for the repayment to Clark of any sum of money in connection with the transaction. From the allegations made, we may not assume that because Clark advanced certain moneys that there was any intention on the part of either Clark or appellants that it was a gift to them.

As we view the petition as a whole in this case and bearing in mind the rules of law applicable, it seems that the fundamental principles of equity are lacking to entitle appellants to the relief sought. The petition does not disclose distinctly and clearly the pleadings and issues tried out. No reference is made to what they pleaded at the trial; they must have answered, otherwise the judgment would not have contained the recitations found in it. All matters and issues that could have been pleaded and heard will be deemed to have been determined by the court. Referable to their claim that they had employed an attorney to represent them at the trial, that he had been called into military service and was supposed to have delivered the file to another attorney and that the file had been lost prior to the trial, no allegations are made as to what the file contained, other than that they "turned over to him (their attorney) a quantity of papers, records, canceled checks, etc., pertaining to their defense to said suit and which were evidence of the facts above pleaded." No factual allegation is made of the manner in which the lost papers would tend to prove whatever contention they were making in that case. In the absence of a disclosure of their defenses, the above allegations constitute no more than mere conclusions of the pleader. Appellants will not be allowed a review of the judgment rendered at a trial in which they participated until they show they have exhausted all their legal remedies; they failed in this particular, in that when the case was called for trial, and they knew their file delivered to their attorney had been lost, they did not apply to the court for a postponement for at least a reasonable time to enable them to find, if they could, their lost papers, the nature of which, as pointed out, is not shown. After the adverse judgment was entered against them, if dissatisfied, they had the absolute right of appeal. They apparently attempted to appeal but for lack of diligence in perfecting the appeal, it was dismissed by the appellate court.

This being purely an equitable proceeding, appellants could not recover unless and until they showed themselves entitled to relief upon equitable grounds; this they have not done. Therefore, the exceptions of appellees on the questions of limitation and laches and Statute of Frauds become immaterial and need not be discussed. Finding no reversible error in the judgment it must be, and is affirmed.