WM. HARMON, ADMINISTRATOR, v. HELENORA BYNUM
ET AL.

1. An administrator on the joint estates of a deceased husband and his first wife cannot appropriate the entire allowance for one year's support made by the court, though furnished from the community property of the first marriage to the exclusive use of the children of the first marriage, if there be other minor children of the deceased husband.

2. The fact that the mother of the children of the second marriage left the homestead, and permitted the children of the first marriage to occupy it, does not deprive the former of their *pro rata* interest in the amount allowed for the one year's support, nor from recovering against the administrator on the joint estates of their deceased father and his first wife their *pro rata* share of the value of the use and occupation of the homestead land, all of which had been appropriated by the administrator to support the children of the first marriage.

3. A moneyed judgment was rendered in the District Court in favor of minors, against B., an administrator, and his securities, in which, after the entry of judgment, the following language was inserted by the court: "The said A. have during this term to make an additional shewing, if he can, whether he has paid said minors said amount here adjudged to be due them, or any part thereof." After one term of the court had intervened, the report of the administrator coming on to be heard, he excepted to the refusal of the court to hear his report read to explain why he should not pay the judgment. *Held:* 1. That the judgment rendered was final, and its validity not affected by the language inserted by order of the court after its entry. 2. That being a final judgment, not objected to nor appealed from under the statute, the administrator could not at a subsequent term be heard to show that he should not pay the same. 3. That the judgment against the securities, who were not parties, though irregular, will not be considered as cause for reversal on proceedings in behalf of the administrator, when that defect was not objected to by him in the court below, nor assigned as error.

ERROR from Rusk.   Tried below before the Hon. J. B. Williamson.

*N. G. Bagley,* for plaintiff in error, cited Sayles' Probate Laws, p. 34, Sec. 26; Sossaman v. Powell, 21 Texas, 664; Gray v. McFarland, 29 Texas, 168; 33 Texas, 128; Davis v. Davis, 34 Texas, 15; Eborn v. Cannon, 32 Texas, 231; 31 Texas, 621.

No brief for defendant in error has reached the Reporters.

The facts of this case will be found in the opinion of Justice Devine, delivered after a rehearing.

WALKER, J.—Elijah Bynum and his first wife, Elizabeth, were the owners of six hundred and forty acres of land and some personal property, at the death of the wife.  Mrs. Bynum died leaving three minor children, Elizabeth, Solomon and Alice.

The husband married a second time, and of this marriage three children, the minor appellees, were born.  The father dying, the second wife took her own three children and most of the personal property away from the premises, making her home at another place until her death.

The children of the first marriage growing up, the eldest, Elizabeth, intermarried with Harmon, the appellant. All the children of the first marriage remained upon the old homestead after the death of their father, making their living upon the land, and using such of the personal property as had been left upon the place.

Harmon administered on the joint estate of Bynum and his first wife.  He had a homestead set apart to the elder children, obtained an allowance for a year's support, and also obtained an order to sell a portion of the land.  No allowance appears to have been made to the children by the second marriage.  C. C. Tipps, as the next friend of

the children by the second marriage of Bynum, carried the proceedings of the probate court to the District Court by *certiorari*, where the proceedings of the probate court were reviewed and set aside.

The record in this case is so defective that it is almost impossible for us to trace with certainty the proceedings of the District Court, and we shall content ourselves with noticing but one error and laying down a rule by which this case should be tried.

The administrator claims for the children of the first marriage the three-fourths of the land owned by Bynum and his first wife, as well as of the personal property left at the death of the first wife, and the use of three-fourths the land rent free. This the law gives the children of the first marriage, except so far as the personal property may have been used by Bynum in the support of his family, including the children of the first marriage. The children of the first marriage are entitled to an account with the children of the second marriage of the personal property left at the death of their father, and if their mother took this property and used it for their benefit, or it has come to their hands since her death, they should be charged with it in the distribution of the estate.

The estate being insolvent, we see no error in the judgment of the probate court, presuming the judgment to have been supported by proper evidence; but it was error in the District Court to pass upon the facts in this case without the intervention of a jury, unless the trial by jury was waived, which the record does not show.

The administrator should have been permitted to prove the facts alleged in his reports. The judgment of the District Court is reversed and the cause remanded.

REVERSED AND REMANDED.

## ON REHEARING.

DEVINE, ASSOCIATE JUSTICE.—The plaintiff in error seeks to set aside or revise the judgment of the District Court of Rusk county, requiring him to pay over to Tipps, as next friend of defendants in error, the sum of two hundred and ninety dollars ($290). There is neither a statement of facts nor bill of exceptions (save one which will be hereafter noticed in this opinion) to furnish any assistance in ascertaining what the judgment of the court is based on, or what legal ground of complaint exists on the part of plaintiff in error.

Taking, however, the record from the probate court, the pleadings of the plaintiff in error, and those portions of the pleadings of defendants in error which are not denied by plaintiff, and the case is presented for our consideration as follows:

At the June term, 1866, of the County Court of Rusk county, William Harmon obtained administration on the joint estates of Elijah and Elizabeth Bynum.

At a subsequent term he applied for and obtained from the probate court an order or decree setting aside to his wife and her brother and sister, the children of Elijah Bynum by his first wife, Elizabeth, the two hundred acres embracing the improvements, as the homestead of the family. He likewise obtained an allowance of one year's subsistence, and an amount in money sufficient to purchase such articles as were exempt from exetution or forced sale. In March, 1869, he again applied to the probate court and obtained an order to have set apart to his wife and her brother and sister three hundred and twenty acres, it being the one-half of the tract of six hundred and forty acres belonging to the community estate of Elijah and Elizabeth Bynum, and to which they were entitled as the children of Elizabeth Bynum. He likewise obtained an order to sell—of the remaining half

of the six hundred and forty acre tract which belonged
to the estate of their father, Elijah—the one hundred and
twenty acres remaining after having carved out the two
hundred acres as a homestead reservation. The sale of
the one hundred and twenty acres, he alleged, was to pay
debts of Elijah Bynum's estate.

At this point in the proceedings the defendant in error,
C. C. Tipps, intervened, in April, 1869, as the next friend
of the minors Endora, Helenora and James E. Bynum,
the children of Elijah Bynum, and his second wife,
Amelia Bynum, and claimed that they, as the children of
Elijah, were entitled to an equal division in his estate
with the children by his first wife; that they were enti-
tled to one-half of the homestead reservation and a like
portion of the amount allowed by the probate court for a
year's subsistence and for the purchase of articles ex-
empted from forced sale. Tipps, for the minors, prayed
for an injunction restraining the administrator, Harmon,
from selling the one hundred and twenty acres of land
under the order of the probate court, and for a *certiorari*
to the District Court of all proceedings had in the mat-
ter of the estate of Elijah Bynum. He subsequently
amended, and charged that the plaintiff in error, as ad-
ministrator, had held, occupied and used the homestead,
and cultivated a field, alleged to contain eighty acres, for
nearly six years; that he should account to the children
of the second marriage for three-sixths of one-half the
value of the rents or use and occupation of the prem-
ises, conceding to the children by the first wife a right to
their mother's estate and the one-half or three-sixths of
their father's estate. ·

The administrator in his pleadings denied the right of
the children of the second wife to any interest in the
funds allotted by the probate court, asserted that this
fund was expended by him in supporting his wife and
her minor brother and sister; that he was not liable for

rent, or if in any degree liable, it was only for an insignificant or trifling sum; that three hundred and twenty acres belonged to those heirs represented by him, as inherited from their deceased mother, Elizabeth; that of the other half, two hundred acres, including the homestead, went to them, because they being on the land, were the family, and the remaining one hundred and twenty acres were necessary to pay debts (some of which on their face wear a more than suspicious appearance). Having thus disposed of the property, and placed the three children of the second marriage outside of one dollar's benefit from the real or personal property belonging to their father's estate, he proceeds to justify his action and their position by alleging, in substance, that about the time of his marriage with the eldest daughter of the first marriage, the widow and second wife of Bynum left the homestead with her three children, the two eldest ten and the youngest five years of age, and took with her a large quantity of corn, fodder, meat, and a small amount of other property, she dying a short time after.

The case was tried before the district judge, who, on the ninth of December, 1870, rendered a judgment in favor of the plaintiffs in the District Court for the sum of two hundred and ninety ($290) dollars, to be paid by the administrator and his securities on his bond, and further decreed, "that said Harmon have during this term of the court to make additional showing, if he can, whether he has paid said minors said amounts here adjudged against him, or any part thereof."

On the twenty-seventh of same month Harmon filed a report of the condition of said estate, in which he gives a history of his proceedings as administrator, and a list of debts accepted by him as administrator, one of which is for five hundred dollars, bearing twelve per cent. interest from 1860, against the estate of Elijah Bynum and in favor of his three children by the first wife.

At the April term, 1871, he filed an amended report, and during the August term, 1871, after various objections were made by plaintiffs, the case came on for hearing on his report; and the judgment recites that the defendant was allowed "to show, if he could, any payments to plaintiffs of their shares in the allowance in money set aside to the family by the county court." * * * * "It is considered by the court, that said defendant has not paid to plaintiffs said allowance, or any part thereof; and that said Harmon take nothing by his proceedings," and that plaintiffs recover of defendant as administrator their costs, etc.

The defendant filed a motion for a new trial, which was overruled, and an appeal taken as administrator without bond. The plaintiffs by their next friend made a demand on him for the money adjudged against him, and on his failure to pay an execution issued against his individual property, when he applied for a writ of error, gave a bond in the required sum to operate as a *supersedeas*, and brought the cause on error to this court.

Of the nine assignments of error presented for our consideration, the first, second, fifth, sixth and seventh relate to the judgment rendered against plaintiff in error on the ninth of December, 1870, and are not supported by the record of the case. There being no statement of facts in the record, and no bill of exceptions or motion for a new trial, we can only, as already stated, look to the facts admitted or not denied in the pleadings and the record, or transcript from the probate court. From an examination of these we believe substantial justice was meted out by that judgment.

So far as presumptions can apply, they must, in the absence of adverse proof, be taken in favor or support of the judgment.

The third, fourth, eighth and ninth assignments of error relate to the judgment or order of the District

Court, rendered at the August term, 1871. They embrace the exception taken by Harmon's attorney, and are signed by the counsel for the plaintiffs and defendant, and certified to by the presiding judge. That bill of exceptions, in its closing paragraph, answers the last assignments of error, and explains (if explanation were necessary) the action of the court at the August term. The paragraph in the bill of exceptions reads as follows: "Defendant offered to read his reports to show why he should not pay said money, which the court refused to let him do, to which he excepted—to all of which the plaintiff objects and excepts, because the same is irrelevant and there was no trial, and because the matters sought to be inquired into were settled by the judgment of this court at a former term." This is an admitted statement of the condition of the plaintiffs and defendant at that time; and it only remains to inquire, was the judgment rendered on the ninth of December, 1870, a final judgment between the plaintiffs and defendant, at the close of the December term, binding and conclusive between the parties on the matters therein adjudged, until reversed or set aside either by an appropriate proceeding in the District Court, or on appeal or writ of error in this? We think it was.

The judgment recites, and the record proves, that the parties appeared and "presented the record and the oral proofs adduced by both parties; it is therefore ordered, adjudged and decreed, that the judgment of the court below be reformed, and that the plaintiffs, * * * by their next friend, C. C. Tipps, do have and recover of the said defendant, William Harmon, administrator as aforesaid, the sum of, etc., * · * * * together with all the costs of suit." This is a final judgment, and the paragraph after the judgment, that "said Harmon have during this term of the court to make additional showing, if he can, whether he has paid said minors said amounts here ad-

judged to be due them, or any part thereof," cannot in any degree weaken the force of the decree as a final judgment. It amounts to no more than if the judge had verbally declared in court, "if defendant can show during this term of the court that he has paid the whole or any portion of this judgment, the judgment shall be set aside or altered, according to the amount shown to be due." During the term of the court the judge has the legal right to alter or set aside, on a proper proceeding, the judgments, orders, or decrees of the court over which he is presiding, and no verbal statement or entry on the minutes is necessary to the exercise of this power. The judgment in this case was complete; and an unnecessary statement, the only effect of which was to give assurance to defendant that on proof during the term, he could have the judgment set aside or modified in his favor at that term of the court, cannot be construed into giving the defendant at the second term after judgment (an interval of eight months having transpired) the right, not to show if he had paid the amount due, but to give him an opportunity to open up his entire administration of the estate, and show that he ought not to pay the amount, or any part of it.

We need scarcely refer to decisions to show the final character of judgments of this kind. The decisions in Merle v. Andrews, 4 Texas, 200; Cannon v. Hemphill, 7 Texas, 195; McFarland v. Hall, 17 Texas, 691, have settled all doubts that may have existed as to the final character of a judgment of this kind. The judgment, so far as it alludes to the liabilities of the securities on the administration bond, is irregular and not warranted by any proceeding in the cause. They can only be liable in proceedings to which they have been made parties, and after due notice. This irregularity does not affect the plaintiff in error; neither is it assigned as error, nor in any way complained of by the securities.

The judgment of the District Court of Rusk county, of the ninth of December, 1870, was a final judgment on the matters therein adjudicated between the plaintiffs and defendant in error; and there was no error in the action of the judge refusing to open that judgment during the August term, 1871, of the court.

The judgment is affirmed.

AFFIRMED.