## LANIER v. PARNELL.

No. 2656.

Court of Civil Appeals of Texas.
10th Dist., Waco.

Oct. 25, 1945.

Bennett & Bennett, of Normangee, and ·Seale & Seale, of Centerville, for appellant.

Robert E. Burroughs, of Centerville, for appellee.

LESTER, Chief Justice.

Brief history of this litigation: The parties will be designated as in the trial court. Plaintiff, Elmo Lanier, on January 30, 1945, filed suit against Albert Parnell for the title and possession of certain cattle described in his petition. On January 31, 1945, plaintiff caused a writ of sequestration to issue, which was executed by the sheriff, but neither party replevied said cattle. Defendant filed his answer consisting of a general denial, and specially pleaded the two year statute of limitations. The case was tried before a jury at the May, 1945, term of said court, and the following issue was submitted to and answered by the jury:

"Do you find from a preponderance of the testimony that the cattle as described in plaintiff's petition was owned by the plaintiff on or just prior to the 30th day of January, 1945?"

To which the jury answered: "No."

On May 21, 1945, the court entered a judgment which provided that the plaintiff, Elmo Lanier, take nothing of the defendant, Albert Parnell, by his suit for possession of the cattle described in plaintiff's petition and taxed all costs against the plaintiff. Plaintiff in due time filed his motion for new trial, which was on the 26th day of May, 1945, overruled, to which action of the court the plaintiff in open court excepted and gave notice of appeal to this court, but plaintiff pursued his appeal no further.

On August 14, 1945, and after the term of court at which this cause was tried, plaintiff filed his application for a restraining order, praying that defendant and his attorney of record be enjoined from demanding of the County Clerk that he issue a writ of possession in defendant's favor, and also praying that the defendant and his attorney be enjoined from demanding of the sheriff that he deliver said cattle to the defendant or his attorney of record. Plaintiff, in his application for injunction, sets out his suit for the cattle, the suing out of the writ of sequestration, the verdict of the jury, the judgment of the court based thereon, etc., but assails said judgment and says that the same is void and of no force and effect and that the same is an incomplete judgment in that the same does not dispose of and direct the disposition of the cattle which are held by the sheriff and which are held by him constructively in his possession; that said judgment is unenforceable in not being complete and the same should be set aside and held for naught, and prays for an injunction restraining the defendant and his attorney from demanding the issuance of a writ of possession and demanding of the sheriff that he deliver to the defendant or his attorney the cattle involved in this suit, and prayed that "said judgment be declared to be void and of no force or effect and to be an incomplete judgment and that the same be set aside and held for naught and that a new trial be granted in said cause as if no judgment had ever been entered herein and that said cause be tried on the pleadings heretofore filed in this court or any amended pleadings which may be filed in the future," etc. On August 24, 1945, the court denied the application for the restraining order and refused to set aside the judgment and ordered the issuance of a writ of possession to the defendant Parnell, commanding the sheriff to execute the same by delivering to the said Parnell the cattle in question.

Appellant's first assignment of error is that the judgment of the trial court rendered on May 21, 1945, is not a final judgment, for the reason that said judgment does not dispose of the issue as to the title or ownership of the cattle. In the trial of the case the jury found that the plaintiff was not the owner of the cattle sued for and the court, based upon the answer of the jury, entered his judgment that "the plaintiff, Elmo Lanier, take nothing of the defendant, Albert Parnell, by his suit herein for the possession of the cattle described in plaintiff's petition," which we think disposed of the issue between plaintiff and defendant, which was the ownership of said cattle. If it did not do so in specific terms, it necessarily did so by implication in providing that plaintiff take nothing, and that, judgment being entered on May 21st and plaintiff's motion

for new trial being overruled on May 26th and plaintiff pursuing his appeal no further, the judgment became final. Plaintiff having abandoned his appeal, the only way he could have said judgment set aside at a subsequent term of court would be to allege and prove sufficient ground, such as fraud, accident or mistake, etc., which the plaintiff failed to do in this case but relied on the theory that this is not a final or complete judgment because the court did not order the cattle returned to the defendant. In Ware v. Jones et al., 250 S.W. 663, 665, by the Commission of Appeals, opinion written by Judge Gallagher, it is held: "A 'final judgment' is one which awards the judicial consequences which the law attaches to the facts and determines the controversies between the parties over the subject-matter. It terminates the litigation of the parties on the merits of the case so that nothing remains to be done but to execute it according to its terms." It is further held: "However, if the rights controverted by the parties be settled by the judgment, it will be held final, although further proceedings should be required to carry the judgment into full effect." Harmon v. Bynum, 40 Tex. 324, 331, 332; White v. Mitchell, 60 Tex. 164.

 Appellant's second assignment is that the court erred in failing to grant plaintiff the relief prayed for because the judgment rendered on the 21st day of May, 1945, is null and void and of no force and effect, because the same did not make any disposition of the possession of the cattle held by the sheriff under the writ of sequestration. What we have said concerning appellant's first assignment of error applies to this assignment. The judgment entered on May 21, 1945, in effect found that plaintiff was not the owner of said cattle and thereby had no interest in them and was not entitled to possession, but by implication found that the defendant was entitled to their possession.

Plaintiff's third assignment of error is that "the court erred in rendering the judgment on the 18th day of August, 1945, wherein it stated 'it is further ordered, adjudged and decreed by the court that writ of possession issue herein to Albert Parnell, directing and commanding the sheriff of Leon County, Texas, to deliver to him, the said Albert Parnell, the cattle described in plaintiff's original petition,' because the judgment rendered at the May term of said court did not include the same and the court is without authority to amend it at the August term." We think the judgment of the court ordering the issuance of the writ of possession and commanding the sheriff to execute the same by delivering to the defendant the cattle in question was proper. By doing so he caused the judgment entered on May 21st to be fully executed, said judgment having become final before August 24th. While the judgment of May 21st did not in specific terms order the sheriff to deliver the cattle to the defendant, but as we have said, it did find that the plaintiff was not entitled to them and at least by implication held that the defendant was entitled to the possession of them, and in ordering the issuance of said writ of possession the court was only carrying out the terms of said judgment, as held in Ware v. Jones, supra.

If the judgment of May 21st is a final judgment, which we think it is, then plaintiff's suit to set it aside, filed at a subsequent term of court, was properly overruled by the court.

We have examined all of the authorities cited by appellant in his brief, but we do not think they apply to the facts in this case.

Believing there was no reversible error committed by the trial court, the judgment of the trial court is affirmed.