NO. 07-06-0142-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

OCTOBER 23, 2007
_____

CHERYL SUE WALLINGFORD, APPELLANT

V.

TRINITY UNIVERSAL INSURANCE COMPANY, APPELLEE
_____

FROM THE 126TH DISTRICT COURT OF TRAVIS COUNTY;

NO. 470,729; HONORABLE STEPHEN YELENOSKY, JUDGE
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**OPINION**

The trial court dismissed the "old act"[1] workers' compensation case of appellant Cheryl Sue Wallingford for want of prosecution. Thereafter, she received notice of the dismissal, timely filed a motion to reinstate, and participated in the hearing of her motion. Despite indication of the trial court's intention to reinstate, no order of reinstatement was signed. After the court's plenary jurisdiction expired, it sustained Trinity's motion to dismiss

---

[1] The former system of workers' compensation, Texas Revised Civil Statutes Annotated articles 8306 *et seq.*, was adopted in 1914 and repealed in 1991. The act continues to govern claims for pre-1991 injuries. *See* Acts 1989, 71st Leg., 2nd C.S., Ch. 1, § 17.18(c), (d).

for lack of jurisdiction. Wallingford timely appealed. Finding the trial court lost jurisdiction when no order of reinstatement was signed during the period of its plenary jurisdiction, we affirm.

Background

Wallingford alleges she received a compensable injury in the course and scope of her employment. Unsatisfied with the award of the Industrial Accident Board, she brought suit against Trinity, her employer's workers' compensation carrier, in August 1989. We will mention only so much of the litigation's long history as is pertinent to the issues raised in this appeal.

In July 2004, Trinity filed a motion to dismiss for want of prosecution according to Texas Rule of Civil Procedure 165a and the court's inherent power to dismiss cases not diligently prosecuted.[2] Wallingford's counsel was not present for the hearing of the motion held the following month. When the court inquired about the absence of Wallingford's counsel, counsel for Trinity stated that he left a telephone message with Wallingford's counsel and provided him written notice. The court granted the motion by order signed August 24, 2004.

Wallingford filed a motion to reinstate on September 23, 2004, asserting her counsel did not receive notice of Trinity's motion to dismiss until a time after the court signed the

_____

[2] *See Villarreal v. San Antonio Truck & Equipment,* 994 S.W.2d 628, 630 (Tex. 1999) (setting out two sources of trial court's authority to dismiss a case for want of prosecution).

order of dismissal. Along with this motion Wallingford submitted a proposed order of reinstatement. The court heard Wallingford's motion to reinstate on October 18, 2004, and orally pronounced reinstatement of the case. The reinstatement was also noted in a printed docket sheet entry. However, the court did not reduce its decision to a signed written order.

Following the hearing, the parties treated the case as reinstated. Wallingford filed a motion for continuance in January 2005 which Trinity did not oppose and the parties joined in an agreed scheduling order in April 2005, which, among other things, set the case for trial in December 2005. The record indicates discovery followed.

On October 27, 2005, Wallingford's co-counsel submitted a proposed order of reinstatement to the district clerk. The court took no action on the proposed order, but its submission apparently jogged the memory of Trinity. On November 15, 2005, Trinity filed a motion to dismiss for lack of subject matter jurisdiction asserting the court's August 24, 2004, order was final and because the court's subsequent rendition of reinstatement was not reduced to a written order it lost plenary power on December 8, 2004, to alter the order. The trial court granted Trinity's motion on November 23, 2005, and denied Wallingford's motion for reconsideration on January 31, 2006. This appeal followed.

3

Standard of Review

A motion to dismiss based on the absence of subject matter jurisdiction is the functional equivalent to a plea to the jurisdiction challenging the trial court's authority to determine the subject matter of a cause of action. *Lacy v. Bassett,* 132 S.W.3d 119, 122 (Tex.App.– Houston [14th Dist.] 2004, no pet.), *citing Bland Indep. Sch. Dist. v. Blue,* 34 S.W.3d 547, 554 (Tex. 2000). Whether a court has subject matter jurisdiction is a question of law which we review *de novo*. *Tex. Dep't of Parks & Wildlife v. Miranda,* 133 S.W.3d 217, 226 (Tex. 2004).

Issues Presented

Wallingford asserts three broad issues each encapsulating multiple sub-issues. We will address Wallingford's issues in the following sequence: (1) Was the trial court's dismissal order of August 24, 2004, void? (2) Was the case retained despite the absence of a signed, written order of reinstatement? (3) Is Texas Rule of Civil Procedure 165a unconstitutional?

Issue One - Was the trial court's order of August 24, 2004, void?

Wallingford precedes her argument that the court's August 24, 2004, dismissal order is void with the contention that the trial court effectively vacated the order at the October 18, 2004, hearing of her motion to reinstate. Wallingford cites *Quanaim v. Frasco Restaurant & Catering and Frasco, Inc.,* 17 S.W.3d 30 (Tex.App.–Houston [14th Dist.] 2000, pet. denied) and *In re Hamilton*, 975 S.W.2d 758 (Tex.App–Corpus Christi 1998, pet.

4

denied), which address circumstances in which a second judgment signed by a court that retains plenary power can be found to have replaced an earlier judgment. Wallingford notes the language of the *Quanaim* opinion stating that cases holding a second judgment replaced a first judgment require "*something* in the record clearly demonstrat[ing] the trial court's intent to replace the first judgment with the second judgment." 17 S.W.3d at 37 (emphasis in original). In this case, Wallingford argues, that *something* can be found in statements of the trial judge during the October 2004 hearing on her motion to reinstate. She concludes that the trial court there "held the [o]rder of August 24, 2004 to be a nullity for lack of due process and fraud upon the court, and effectively vacated the prior order." Neither *Quanaim* nor *Hamilton* supports a contention that a trial court can vacate a written judgment through later oral statements. The cases address the effect of later written judgments on earlier written judgments. *Quanaim*, 17 S.W.3d at 38; *Hamilton*, 975 S.W.2d at 761.

Wallingford bases her claim the dismissal order was void on her characterizations of the actions of Trinity's counsel at the August 24 hearing. She contends counsel's representations to the court that he notified Wallingford's counsel by telephone of the motion to dismiss and served Wallingford's counsel with written notice of the motion were false and constituted a fraud on the court.[3] She further contends the trial court's entry of

---

[3] The record reflects a factual dispute concerning Trinity's notice to Wallingford of the motion to dismiss. Trinity's motion to dismiss contained a certificate of service by certified mail and Trinity argued in its response to Wallingford's motion to reinstate that the attached affidavit of its attorney's paralegal proved service upon Wallingford's counsel by certified mail. Trinity could not produce a green postal receipt card signed by Wallingford's counsel. Rule 21a sets up a presumption that when a required notice is placed in the United States mail in a properly addressed, postage prepaid wrapper, it was duly received

5

the dismissal order based on the assertedly fraudulent representations and without notice to her violated her due process rights.

Without expressing any opinion on the accuracy of Wallingford's assertion that the August 2004 dismissal order was procured through a fraudulent misrepresentation and without notice to her, we find the dismissal order was not void. The supreme court has observed that "[i]n general, as long as the court entering a judgment has jurisdiction of the parties and the subject matter and does not act outside its capacity as a court, the judgment is not void." *Reiss v. Reiss*, 118 S.W.3d 439, 443 (Tex. 2003) (*citing Mapco, Inc. v. Forrest,* 795 S.W.2d 700, 703 (Tex. 1990)). Action of a court that is contrary to a statute, constitutional provision, or rule of civil or appellate procedure is erroneous and voidable, subject to correction through the ordinary appellate process or other proper proceedings. *Reiss*, 118 S.W.3d at 443; *Mapco*, 795 S.W.2d 703.

Wallingford further argues that final judgments may be set aside if fraudulently procured. For the proposition, she cites *Crouch v. McGaw,* 138 S.W.2d 94 (Tex. 1940) and *Lanier v. Parnell,* 190 S.W.2d 421 (Tex.Civ.App.–Waco 1945, no writ). Neither case advances Wallingford's argument.

---

by the addressee. *See Cliff v. Huggins,* 724 S.W.2d 778, 780 (Tex. 1987). However, the presumption of service vanishes upon introduction of evidence that notice was not received. *Id.*

Wallingford also asserts that the trial court clerk failed to send notice of the dismissal hearing as required by Rule 165a. *See* Tex. R. Civ. P. 165a(1).

6

In *Crouch,* the defendants attempted to enjoin execution on a final judgment, allegedly procured by the perjury of the plaintiff. 138 S.W.2d at 95-96. In denying the defendants' application for a writ of prohibition the court held something more than injustice must be shown in a subsequent action to set aside a final judgment. *Id.* at 96. According to the court, a subsequent suit to vacate a prior judgment requires proof of extrinsic fraud that prevented a losing party from knowing about its rights or defense or from having a fair opportunity to present them at trial. Fraud of this kind and character, observed the court, denies a litigant "'the opportunity to fully litigate upon the trial all the rights or defenses he was entitled to assert.'" *Id.* at 97 (*quoting State v. Wright,* 56 S.W.2d 950, 952 (Tex.Civ.App.–Austin 1933, no writ)).

In *Lanier,* the court of civil appeals commented in dicta that the only way the appellant could attack a final judgment, after his appellate rights lapsed, was through proof of "fraud, accident or mistake, etc." 190 S.W.2d at 423.

Wallingford received notice of the August 24, 2004, order and timely filed a sixty-six page motion to reinstate containing affidavits and numerous exhibits. At the hearing on Wallingford's motion, her counsel addressed her lack of notice claim. In other words, at the reinstatement hearing Wallingford received the same opportunity to counter Trinity's motion to dismiss as her appearance at the August 24, 2004, hearing would have provided. *See State v. Rotello,* 671 S.W.2d 507, 508 (Tex. 1984); *Finlan v. Peavy,* 205 S.W.3d 647, 654 (Tex.App.–Waco 2006, no pet.) (both noting that hearing on motion to reinstate is the

7

same hearing with the same burden of proof as a hearing before dismissal). Wallingford's first issue is overruled.

Issue Two - Was the case reinstated despite the absence of a signed written order?

By her second issue, Wallingford contends that the trial court erred by dismissing her case for want of subject matter jurisdiction because the court's intention to reinstate appears in the reporter's record and on a printed docket sheet, a proposed order of reinstatement was attached to her motion, and the court, its staff, and the parties treated the case as reinstated.

Wallingford constructs her argument for this issue on the foundation of *Hardtke v. Katz,* 813 S.W.2d 548 (Tex.App.–Houston [1st Dist.] 1991, no writ). We do not find *Hardtke* controlling on the facts before us.

In *Hardtke*, the trial judge dismissed the case *sua sponte* because he mistakenly believed the parties failed to file a joint status report as ordered. The following day, when the judge discovered the report was timely filed, he made the following docket entry: "Order of 3/11/87 struck; case removed from dismissal docket - TRP." About three weeks later, the judge signed an order setting the case for trial. However, at no time did he sign an order of reinstatement. 813 S.W.2d at 549-550. After the court lost plenary jurisdiction to

8

alter its order of dismissal,[4] it sustained a plea to its jurisdiction and dismissed the case. *Id.* at 549.

On Hardtke's appeal, the court of appeals reversed the dismissal. It found the trial court's docket entry was in writing, sufficiently specific, and signed with the initials of the trial judge. As such, it was entitled to the dignity of an order vacating the dismissal order. 813 S.W.2d at 550. The court further noted the trial court's *sua sponte* dismissal order was a mistake that the court immediately tried to correct, and "t[h]e law should encourage, not frustrate, reasonable steps to correct routine administrative errors that inevitably occur in even the most well-managed courts." *Id*.

Importantly, the court in *Hardtke* found it necessary to distinguish several cases holding a docket entry insufficient to set aside a judgment, including *Emerald Oaks Hotel/Conference Center, Inc. v. Zardenetta,* 776 S.W.2d 577, 578 (Tex. 1989) (orig. proceeding). It found the holding of *Emerald Oaks*, that a docket entry and oral order could not be used in lieu of a written order to reinstate a case dismissed for want of prosecution, was compelled by Rule 165a(3), while in the case before it "no motion to reinstate was filed" and it "was not a proceeding conducted under rule 165a(3)." 813 S.W.2d at 551.

Like *Emerald Oaks*, the case at bar is a proceeding conducted under Rule 165a, and we find *Emerald Oaks* controls disposition of Wallingford's second issue. In *Emerald*

---

[4] The appellate court noted the record did not show that Hardtke ever knew the case was under consideration for dismissal on the day the court dismissed it, or for reinstatement the following day. 813 S.W.2d at 550 n.2.

9

*Oaks* the suit against the defendant was dismissed for want of prosecution. The plaintiff timely filed a motion to reinstate, and the court's docket sheet contained an entry indicating it granted the motion the same day it was filed. The court orally directed counsel for the plaintiff to prepare an order of reinstatement and submit it for signing, but a written order was not signed until 126 days after the date of the order of dismissal. 776 S.W.2d at 578.

In the defendant's mandamus proceeding seeking enforcement of the dismissal, the supreme court noted Rule 165a(3)'s provisions that a motion to reinstate is overruled by operation of law if for any reason it is not decided by signed written order within 75 days after the judgment is signed. Thereafter, the court retains plenary power and jurisdiction over the cause for another 30 days. 776 S.W.2d 578. Because no signed written order of reinstatement was filed within 105 days of the date of dismissal the judgment of dismissal was final. *Id*. The court stated, "A trial court's oral pronouncement and docket entry reinstating a cause is not an acceptable substitute for the written order required by rule." *Id*., *citing Clark and Co. v. Giles*, 639 S.W.2d 449, 450 (Tex. 1982, orig. proceeding) (a case under Rule of Civil Procedure 329b).

Here, Wallingford's case was dismissed for want of prosecution on Trinity's motion based in part on Rule 165a, and Wallingford timely filed a motion to reinstate expressly based on that rule.[5] We find the trial court's oral pronouncement on the record at the hearing on the motion to reinstate, its printed docket entry, Wallingford's submission of a proposed order, and the conduct of the parties following the hearing are not a substitute

---

[5] There is no procedural distinction between cases dismissed under a court's inherent power or according to Rule 165a. *See* Tex. R. Civ. P. 165a(4).

10

for the rule's requirement of a signed written order. Tex. R. Civ. P. 165a(3) (motion for reinstatement deemed overruled by operation of law if *for any reason* motion not decided by signed written order within time prescribed); *Emerald Oaks*, 776 S.W.2d at 578; *see Intercity Mgt. Corp. v. Chambers*, 820 S.W.2d 811, 813 (Tex.App.–Houston [1st Dist.] 1991) (orig. proceeding) (applying *Emerald Oaks* rather than *Hardtke* in case under Rule 165a). Wallingford's second issue is overruled.

Issue Three - Is Rule 165a unconstitutional?

In her third issue, Wallingford asserts that Rule 165a violates the open courts, and due course of law provisions of the Texas Constitution, Tex. Const. art. I, § 13; art. I, § 19; and the Due Process Clause of the Fourteenth Amendment to the United States Constitution.[6] The essence of Wallingford's complaint under this issue is that Rule 165a placed an onerous burden on her by assigning her attorney primary responsibility for timely obtaining the trial court's signature on an order of reinstatement. She concludes her argument with an assertion that the order of dismissal denied her the due process guarantees of notice and the opportunity to be heard apart from having to meet "intolerable burdens."

We begin with Wallingford's open courts argument. Here she claims Rule 165a unconstitutionally denies her access to court for presentation of her workers' compensation

---

[6] Wallingford also mentions the trial by jury provision of the Texas Constitution, Tex. Const. art. I, § 15, and the Equal Protection Clause of the Fourteenth Amendment, but presents no argument discussing their applicability. We do not address these theories. *See* Tex. R. App. P. 38.1(h).

case because emanating from the rule is the impossible condition that her attorney must diligently pursue the trial judge to timely obtain a signed written order.

In relevant part, art. I, § 13 of the Texas Constitution provides:

> All courts shall be open, and every person for an injury done him, in his lands, goods, person or reputation, shall have remedy by due course of law.

The Texas Supreme Court has determined that this provision includes at least three separate constitutional guarantees: (1) courts must actually be operating and available; (2) the legislature cannot impede access to the courts through unreasonable financial barriers; and (3) meaningful remedies must be afforded, "so that the legislature may not abrogate the right to assert a well-established common law cause of action unless the reason for its action outweighs the litigants' constitutional right of redress." *Texas Ass'n of Business v. Texas Air Control Bd.,* 852 S.W.2d 440, 448 (Tex. 1993). Wallingford's argument invokes the third guarantee.

A litigant challenging a statute on the third open courts guarantee must satisfy two criteria:

> First, it must be shown that the litigant has a cognizable common law cause of action that is being restricted. Second, the litigant must show that the restriction is unreasonable or arbitrary when balanced against the purpose and basis of the statute.

*Lucas v. United States,* 757 S.W.2d 687, 690 (Tex. 1988), *quoting Sax v. Votteler,* 648 S.W.2d 661, 666 (Tex. 1983).

The workers' compensation system is a product of statute and was unknown at common law. *See Lambert v. Affiliated Foods, Inc.,* 20 S.W.3d 1, 5 (Tex.App.–Amarillo 1999), *aff'd,* 44 S.W.3d 544 (Tex. 2001). Accordingly, Wallingford is unable to satisfy the first criteria of an open courts claim. But even had she possessed a cognizable common law cause of action restricted by Rule 165a, her open courts claim could not withstand the balancing requirement of the second prong of the analysis.

The supreme court adopted Rule 165a in 1973 to ameliorate the effect of a judge's dismissal of an action for neglect and non-action. *Rizk v. Mayad,* 603 S.W.2d 773, 776 (Tex. 1980). Rule 165a(3) provides a method of reinstatement for cases dismissed under the rule or by the inherent power of the court to control its docket. Tex. R. Civ. P. 165a(4). Taking advantage of this reinstatement mechanism, Wallingford was able to present her grounds for reinstatement by motion, evidence, and presentation at a hearing. Given the purpose of Rule 165a(3), its requirement of a written order of reinstatement signed within 105 days of dismissal does not create an unreasonable or arbitrary burden for a litigant availing herself of the rule's opportunity for reinstatement.

Wallingford's assertions that the dismissal order was issued in violation of her procedural due process rights, whether alleged under the U.S. or Texas Constitutions,[7] are adequately addressed by noting that she timely filed a lengthy verified motion to reinstate, and fully participated in a hearing conducted while the trial court retained plenary control

---

[7] In claims of procedural due process, the Texas Supreme Court has found no meaningful distinction between Texas' protection of due course of law and the federal constitution's guarantee of due process. *University of Tex. Med. Sch. v. Than,* 901 S.W.2d 926, 929 (Tex. 1995); *see* U.S. Const. amend. XIV § 1; Tex. Const. art. 1 § 19.

of its dismissal order.  Any due process concerns founded on lack of notice were thus cured.  *See Finlan*, 205 S.W.3d at 655-56 (party filed motion to reinstate after dismissal, due process satisfied)*; Jimenez v. Transwestern Prop. Co.,* 999 S.W.2d 125, 129 (Tex. App.–Houston [14th Dist.] 1999, no pet.) (due process requirements satisfied by hearing on motion to reinstate).  Wallingford's third issue is overruled.

Trinity's Motion for Damages for Frivolous Appeal

By separate motion, Trinity requested damages against Wallingford for filing a frivolous appeal.  Tex. R. App. P. 45.  Wallingford filed a reply and we have carried the matter with the case.

Rule 45 authorizes us to award each prevailing party just damages if we determine that the appeal was frivolous.  Tex. R. App. P. 45.  Whether to do so, however, lies within our discretion.  *Rios v. Northwestern Steel & Wire Co.,* 974 S.W.2d 932, 936 (Tex.App.-Houston [14th Dist.] 1998, no pet.).  In exercising this discretion, we may not consider any matter that does not appear in the record, briefs, or other papers filed in the court of appeals, Rule 45, and we must act with prudence, caution, and careful deliberation.  *Rios,* 974 S.W.2d at 936.  We view the record from the advocate's standpoint to determine whether there were reasonable grounds to believe that the trial court's judgment was reversible.  *Safeway Managing Gen. Agency v. Cooper,* 952 S.W.2d 861, 870 (Tex.App.–Amarillo 1997, no writ).  Considering the record as a whole, we will not characterize Wallingford's appeal as frivolous.

14

Conclusion

Trinity's motion for damages for a frivolous appeal is denied. The trial court's order recognizing its lack of jurisdiction and dismissing the case is affirmed.


James T. Campbell
Justice