

**IN THE**
**TENTH COURT OF APPEALS**

### No. 10-17-00180-CV

**PAPE PARTNERS, LTD,**
**GLENN R. PAPE AND**
**KENNETH W. PAPE,**

                                      **Appellants**

 **v.**

**DRR FAMILY PROPERTIES LP**
**AND LOUISE W. CHAMPAGNE,**

                                      **Appellees**

---

**From the 74th District Court**
**McLennan County, Texas**
**Trial Court No. 2017-1724-3**

---

## O P I N I O N

---

In one issue, Appellants Pape Partners, Ltd., Glenn R. Pape, and Kenneth W. Pape (collectively "the Papes") challenge the trial court's order granting Appellee DRR Family Properties, LP's[1] ("DRR") motion to dismiss for lack of subject matter jurisdiction. We will affirm.

---

[1] Appellee Louise W. Champagne was dismissed by agreement.

## I. Background

Appellants' pleadings maintain that the Papes purchased a tract of land from Lola Robinson and Swirl Investments, Inc.[2] in 2014. The purchase included irrigation water rights recognized by the State of Texas in Certificates of Adjudication ("COA") Nos. 12-4341 and 12-4344, as amended and consolidated in COA No. 12-4344A. The COA's were initially issued to Lola Robinson and her late husband in 1986 as part of a judgment in a lawsuit brought under the Texas Water Rights Adjudication Act. The amended COA authorized use of the permitted water for irrigating an additional 250 acres that was subsequently purchased by DRR.

In 2015, the Papes attempted to record their purchase of the water rights with the Texas Commission on Environmental Quality ("TCEQ"). The TCEQ notified DRR and other potentially interested landowners that they might own an interest in the water rights. DRR filed a change of ownership form, and the TCEQ eventually concluded that DRR owned a portion of the water rights. The TCEQ changed its records to reflect DRR's ownership.

The Papes moved to reverse the TCEQ's decision, and the motion was overruled by operation of law. The Papes did not pursue an administrative appeal, but brought the present suit seeking a declaration that it owns all of the water rights in the tract purchased from Robinson and Swirl. The Papes further asserted claims against DRR for trespass to

---

[2] Lola Robinson, Swirl Investments, Inc., Timothy Kingrey, Donna Kingrey, Theresa A. Spinks, Johnny W. Spinks, Roman Cineros, and Sabrina Cisneros are also named as defendants in the Papes' lawsuit. The trial court severed the Papes' claims against DRR and Champagne after granting both parties' motions to dismiss for want of jurisdiction.

try title – adverse possession and to quiet title.  DRR moved to dismiss the Papes' claims against it for lack of subject matter jurisdiction, asserting that the Papes had failed to exhaust their administrative remedies.  The trial court granted DRR's motion.

## II.  Standard of Review

A motion to dismiss based on the absence of subject matter jurisdiction is the functional equivalent to a plea to the jurisdiction challenging the trial court's authority to determine the subject matter of a cause of action.  *Wallingford v. Trinity Universal Ins. Co.*, 253 S.W.3d 720, 723 (Tex. App.—Amarillo 2007, pet. denied); *Lacy v. Bassett*, 132 S.W.3d 119, 122 (Tex. App.—Houston [14th Dist.] 2004, no pet.).   The absence of subject matter jurisdiction may be raised by a plea to the jurisdiction, as well as by other procedural vehicles.  *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000).   Whether a plaintiff has alleged facts that affirmatively demonstrate a trial court's subject matter jurisdiction is a question of law reviewed de novo.  *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004).

## III.  Issue Presented

In its sole issue, the Papes assert that the TCEQ's ruling was in effect a determination of the legal ownership of the water rights and that the trial court erred in granting DRR's motion to dismiss because:  (1) the question of property ownership is within the sole jurisdiction of the courts; (2) the legislature did not vest the TCEQ with exclusive jurisdiction over the Papes' claims; and (3) the ruling violates the separation of powers clause in the Texas Constitution.

## IV. Discussion

A. Jurisdiction. Generally, the power to determine controverted rights to property by means of binding judgment is vested in the courts. *Barshop v. Medina Cty. Underground Water Conservation Dist.*, 925 S.W.2d 618, 635 (Tex. 1996). Courts of general jurisdiction in Texas are presumed to have subject matter jurisdiction absent a showing that the Texas Constitution or some other law confers jurisdiction on another court, tribunal, or administrative body. *Subaru of America, Inc. v. David McDavid Nissan, Inc.*, 84 S.W.3d 212, 220 (Tex. 2002); *see also* TEX. CONST. art. V, § 8; TEX. GOV'T CODE ANN. §§ 24.007-.008. Administrative bodies may exercise only those powers the law confers upon them in clear and express language. *Subaru*, 84 S.W.3d at 220. Courts will not imply the existence of additional authority for administrative bodies, nor may these bodies create for themselves any excess powers. *Id.* If an agency has exclusive jurisdiction, the Legislature grants the agency the sole authority to make an initial determination in a dispute. *Id.* at 221. A party must then exhaust all administrative remedies before seeking judicial review of an agency's action. *Id.* "Until then the trial court lacks subject matter jurisdiction and must dismiss the claims within the agency's exclusive jurisdiction." *Id.*; *see also In re Southwestern Bell Tel. Co.*, 235 S.W.3d 619, 625 (Tex. 2007).

The Papes argue that the Water Code does not expressly grant exclusive jurisdiction to the TCEQ. In deciding whether an administrative body has exclusive jurisdiction, we look to its authorizing legislation for either an express grant of exclusive jurisdiction or for a "pervasive regulatory scheme" indicating an intent to confer exclusive jurisdiction. *Emp's Ret. Sys. of Tex. v. Duenez*, 288 S.W.3d 905, 908-09 (Tex. 2009).

The Texas Constitution provides:

> The conservation and development of all of the natural resources of this State, . . . including the control, storing, preservation and distribution of . . . the water of its rivers and streams, for irrigation, power and all other useful purposes, . . . are each and all hereby declared public rights and duties; and the Legislature shall pass all such laws as may be appropriate thereto.

TEX. CONST. art. 16, § 59.[3]  In keeping with this authority, the Legislature enacted the Water Code, granting the TCEQ the "primary authority to establish surface water quality standards, which it implements, in part, in its permitting actions." *Tex. Comm'n on Envtl. Quality v. City of Waco*, 413 S.W.3d 409, 411 (Tex. 2013).  *See* TEX. WATER CODE ANN. § 26.023.  Although the statute does not expressly grant exclusive jurisdiction over water rights to the TCEQ, the regulatory scheme behind surface water permits is pervasive and indicative of the Legislature's intent that jurisdiction over the adjudication of surface water permits is ceded to the TCEQ.  *See* TEX. WATER CODE ANN. § 26.023; *see also id.* § 5.013(a)(1) ("The commission has general jurisdiction over . . . water and water rights including the issuance of water rights permits, water rights adjudication, cancellation of water rights, and enforcement of water rights. . . ."); § 11.021, *et seq.* (rights in state water); § 11.121, *et seq.* (permitting process); and § 11.301, *et seq.* (Water Rights Adjudication Act). The same enabling legislation has been determined to grant the TCEQ exclusive jurisdiction over other matters involving water rights.  *See Sierra Club & Pub. Citizen v. Tex. Comm'n on Envtl. Quality*, No. 03-14-00130-CV, 2016 WL 1304928, at * 3 (Tex. App.—

---

[3] For a history of water rights legislation in Texas, see *City of Marshall v. City of Uncertain*, 206 S.W.3d 97 (Tex. 2006).

Austin Mar. 31, 2016, no pet.) (wastewater discharge permits); *City of College Station v. Wellborn Special Util. Dist.*, No. 10-04-00306-CV, 2006 WL 2067887, at *1 (Tex. App.—Waco July 26, 2006, pet. denied) (water and sewer utility rates, operations, and services).

Once it is determined that an agency has exclusive jurisdiction over an issue, then the party injured by agency action must follow the review process set up in the statute. "'An appeal from an administrative agency is not a matter of right, it is set out by statute and must be strictly complied with in order to vest the district court with jurisdiction.'" *Jones v. State Bd. of Educator Certification*, 315 S.W.3d 237, 243 (Tex. App.—Austin 2010, pet. denied) (quoting *Tex. Alcoholic Beverage Comm'n v. Sfair*, 786 S.W.2d 26, 27 (Tex. App.—San Antonio 1990) (*per curiam* (*writ denied*))). *See also Walter West, P.E., v. Tex. Comm'n on Envtl. Quality*, 260 S.W.3d 256, 260 (Tex. App.—Austin 2008, pet. denied) (failure to comply with statutory prerequisites under Water Code deprived trial court of jurisdiction). It is undisputed that the Papes did not follow the administrative review process.

The Papes identify four opinions that they assert establish that water rights ownership disputes are excepted from the TCEQ's jurisdiction under § 5.013(a)(1). However, the two oldest cases were decided before the current text of § 5.013(a) went into effect in 1985. *See Clark v. Briscoe Irr. Co.*, 200 S.W.2d 674 (Tex. Civ. App.—Austin 1947, no writ); *City of Corpus Christi v. Nueces Cty. Water Control and Imp. Dist. No. 3*, 540 S.W.2d 357 (Tex. App.—Corpus Christi 1976, writ ref'd n.r.e.). The other cases do not address the TCEQ's jurisdiction. *Wilson v. New Braunfels Util.'s*, 536 S.W.3d 5 (Tex. App.—Austin 2013, pet. dism'd) involves governmental immunity, not whether the appropriate

administrative procedures were followed, while *Graham v. Kuzmich*, 876 S.W.2d 446 (Tex. App.—Corpus Christi 1994, no pet.) involves a determination of whether water rights passed with a deed—the jurisdiction of the TCEQ is not addressed.

Because the Legislature has vested the TCEQ with the exclusive jurisdiction to determine water rights, the Papes were required to exhaust their administrative remedies before resorting to the courts.

B. Separation of Powers. Separation of powers is expressly guaranteed by the Texas Constitution, which provides:

> The powers of the Government of the State of Texas shall be divided into three distinct departments, each of which shall be confided to a separate body of magistracy, to wit: Those which are Legislative to one; those which are Executive to another, and those which are Judicial to another; and no person, or collection of persons, being of one of these departments, shall exercise any power properly attached to either of the others, except in the instances herein expressly permitted.

TEX. CONST. art. II, § 1.

The separation of powers doctrine is violated "when one branch of government assumes or is delegated a power 'more properly attached' to another branch." *Salinas v. State*, 523 S.W.3d 103, 106-07 (Tex. Crim. App. 2017) (quoting *Ex parte Lo*, 424 S.W.3d 10, 28 (Tex. Crim. App. 2013) (opinion on rehearing)). However, the Texas Constitution, as noted above, permits a transfer of powers from one branch to another when expressly permitted by another provision of the Constitution. In the present case, the Texas Constitution specifically authorizes the authority given to the TCEQ. *See* TEX. CONST. art. 16, § 59.

The Papes rely on *Bd. of Water Engr's v. McKnight*, 111 Tex. 82, 86, 229 S.W. 301, 301 (1921), which struck down previous statutory provisions authorizing the Board of Water Engineers to determine "the relative rights of the various claimants" to use State waters. However, art. 16, § 59 had not been adopted when the statutes involved in *McKnight* were considered. *Corzelius v. Harrell*, 143 Tex. 509, 512, 186 S.W.2d 961, 963 (1945). Additionally, the Water Rights Adjudication Act passed in 1967, authorizing the administrative processes used by the TCEQ, is constitutional and not a violation of separation of powers. *In re Adjudication of the Water Rights of Upper Guadalupe Segment of Guadalupe River Basin*, 642 S.W.2d 438, 442 (Tex. 1982).

The legislative scheme giving jurisdiction to the TCEQ to determine water rights does not violate the separation of powers clause in the Texas Constitution.

### V.  Conclusion

After a *de novo* review, we conclude that the trial court did not err in granting DRR's motion to dismiss. We overrule the Papes' sole issue and affirm the judgment of the trial court.

REX D. DAVIS
Justice

Before Chief Justice Gray,
        Justice Davis, and
        Justice Neill
        (Chief Justice Gray dissenting with opinion)
Affirmed
Opinion delivered and filed January 29, 2020
[CV06]

